UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN DAVIS,

                        Plaintiff,

        -against-

CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
NEW YORK CITY DEPARTMENT OF INVESTIGATIONS,
CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC.,
DINA SIMON,
GREGORY KUCZINSKI,
HEIDI GROSSMAN,
BECKY SCOTT,
JONELLE SHIVRAJ,
RAJIN SHIVRAJ,
MALIA GREATHOUSE,
YOMAIRA KELLEY,
ALBERT MAMMON,
JANILDA CABRERA,

                        Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17-CV-3863-MKB-SJB

**BULSARA, United States Magistrate Judge:**

        On June 23, 2017, Plaintiff Kevin Davis ("Davis"), proceeding *pro se* and *in forma pauperis*, brought this action against the City of New York, the New York City Department of Corrections, the New York City Department of Investigations, Correction Officers Benevolent Association, Inc., Dina Simon, Gregory Kuczinski, Heidi Grossman, Becky Scott, Jonelle Shivraj, Rajin Shivraj, Malia Greathouse, Yomaira Kelley, Albert Mammon, and Janilda Cabrera (collectively, "Defendants"). Davis alleged he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), when he was terminated from employment by the New York City Department

of Corrections ("DOC"). (Compl. dated June 23, 2017, Dkt. No. 1 ("Compl.")).

On November 22, 2017, District Judge Margo K. Brodie dismissed without prejudice Plaintiff's complaint for failure to state a claim. (Mem. & Order dated Nov. 22, 2017 ("Nov. 22 Order"), Dkt. No. 6). Following this dismissal, Davis filed an amended complaint on February 12, 2018. (Am. Compl. dated Feb. 12, 2018 ("Am. Compl."), Dkt. No. 9). Judge Brodie found Davis's amended complaint plausibly alleged claims against the City of New York ("City") for hostile work environment and retaliation in violation of Title VII, New York State Human Rights Law, and New York City Human Rights Law, and therefore permitted Davis to proceed with his lawsuit. (*See* Order dated Aug. 24, 2018 ("Aug. Order")).

Since that decision, Davis has failed to comply with multiple court orders by failing to appear at three conferences and failing to file required letters with the Court, (Scheduling Order dated Nov. 13, 2018 ("Nov. 13 Order"); Order dated Dec. 10, 2018 ("Dec. 10 Order"); Order dated Dec. 20, 2018 ("Dec. 20 Order"), Dkt. No. 22; Order to Show Cause dated Jan. 11, 2019 ("Jan. 11 Order"); Notice dated Jan. 31, 2019 ("Jan. Notice"); Order to Show Cause dated Oct. 23, 2019 ("Oct. 23 Order")), despite receiving warnings that failure to do so could result in dismissal of his case, (*see* Dec. 20 Order; Jan. 11 Order; Oct. 23 Order). The City filed a motion to dismiss for lack of prosecution after Davis took no action in the case for four months. (Mot. dated Apr. 19, 2019 ("Apr. Mot."), Dkt. No. 26). After another four months passed with Davis still taking no action, the City filed a second motion to dismiss for lack of prosecution. (Mot. dated Aug. 19, 2019 ("Aug. Mot."), Dkt. No. 29). Davis never filed a response to either motion. The Honorable Margo K. Brodie referred the motions to the undersigned for a report and recommendation. (Order dated Nov. 22, 2019). For the reasons described below, the

Court recommends granting the City's motions and dismissing Davis's claims with prejudice for two reasons: (1) failure to abide by this Court's Orders; and (2) failure to prosecute.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Davis worked as a probationary Correction Officer for the DOC before his termination on October 6, 2016. (Compl. at 7). Proceeding *pro se* and *in forma pauperis*, he commenced this suit on June 23, 2017, alleging employment discrimination by the Defendants. (Compl.; Nov. 22 Order). On November 22, 2017, Judge Brodie dismissed Davis's complaint for failure to state a claim. (*See* Nov. 22 Order). Davis filed an amended complaint on February 12, 2018. (Am. Compl.).

Davis's amended complaint alleged a pattern of inappropriate behavior by other DOC officers, including sexual and racist jokes, groping, and invasive questions, (Am. Compl. ¶¶ 16–21, 63–72). The amended complaint also alleged the City engaged in retaliatory behavior, including his eventual termination, to prevent Davis from disclosing the harassment, (*id.* ¶¶ 22–27, 32–41, 112–16).

Upon review of the amended complaint, Judge Brodie found Davis plausibly alleged claims for hostile work environment and retaliation in violation of Title VII, New York State Human Rights Law, and New York City Human Rights Law and permitted Davis to proceed with these claims against the City. (*See* Aug. Order). This Court scheduled an in-person initial conference for January 11, 2019. (Nov. 13 Order).

On December 7, 2018, the City filed a motion for a pre-motion conference in anticipation of a motion to dismiss the amended complaint. (Mot. dated Dec. 7, 2018, Dkt. No. 18). The Court granted the motion and scheduled the conference for December 20, 2018. (Dec. 10 Order). Despite service of this Order on Davis, (Aff. of Service

("Service Aff. of Dec. 10 Order"), Dkt. No. 20), he failed to appear at the pre-motion conference. (Dec. 20 Order). The Court rescheduled the conference for January 31, 2019 and warned Davis that failure to appear at this conference could result in negative consequences including an order preventing him from filing another amended complaint or dismissing his case with prejudice. (Dec. 20 Order). The Court also ordered him to submit a letter by January 15, 2019 explaining his failed appearance. (*Id.*). But, as of January 15, 2019, Davis did not submit any explanation.

On January 11, 2019, Davis failed to appear for the initial conference despite receiving service of the Scheduling Order. (Jan. 11 Order; Aff. of Service ("Service Aff. of Nov. 13 Order"), Dkt. No. 17). This Court ordered him to explain by letter why he failed to attend by January 22, 2019. (Jan. 11 Order). Davis again did not comply. The Court warned Davis that failure to appear at the next conference may lead to sanctions, "including dismissal of his case." (*Id.*).

Nonetheless, on January 31, 2019, Davis failed yet again to appear for the rescheduled pre-motion hearing. (Jan. Notice). On April 19, 2019, following four months of inaction by Davis, the City filed a motion to dismiss for lack of prosecution (Apr. Mot.). Four additional months passed, and Davis still took no action, prompting the City to file a second motion to dismiss for lack of prosecution. (Aug. Mot.).[1] On October 23, 2019, this Court gave Davis one final opportunity to explain by November 6, 2019 why the case should not be dismissed based on a failure to prosecute. (Oct. 23 Order). A copy of the order was mailed to Plaintiff's home address. (Entry dated Oct.

---

[1] Defendant's second motion to dismiss is virtually identical to its first motion to dismiss, except that it recites Davis's continued inactivity, lack of communication, and failure to respond to Defendant's first motion.

4

23, 2019 ("Oct. 23 Entry")). As of the date of this Report and Recommendation, Davis has failed to respond to the Oct. 23 Order, failed to abide by a single court order since the Amended Complaint was filed, failed to respond to successive motions to dismiss, and failed to prosecute his case by serving a single discovery demand.[2]

DISCUSSION

I. Dismissal with Prejudice under Rules 16(f) and 37(b)

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and . . . Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court recommends that Davis's claims be dismissed with prejudice, because he has repeatedly failed to appear at pretrial conferences and failed to comply with multiple court orders.

A court may sanction a party for failing to appear—either at a court conference or as the Court directs. Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial

---

[2] The record is also devoid of any evidence that Plaintiff has served any discovery demands.

5

conference." Fed. R. Civ. P. 16(f)(1)(A). A court also has the ability to sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order."); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order[,]" including dismissal.). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano*, 185 F. Supp. 3d at 354 (quotations omitted).

Here, Davis failed to appear at three pretrial conferences and failed to obey three separate court orders. First, he failed to appear at the pre-motion conference scheduled for December 20, 2018, despite being served with notice of the conference. (*See* Dec. 10 Order; Service Aff. of Dec. 10 Order; Dec. 20 Order). Davis then failed to file a letter explaining his reasons for missing the conference, despite being mailed a copy of the Order directing him to do so. (*See* Dec. 20 Order; Aff. of Service ("Service Aff. of Dec. 20 Order"), Dkt. No. 23). On January 11, 2019, Davis, despite service, failed to appear for an initial conference and then failed to file a letter with the Court explaining his absence. (*See* Nov. 13 Order; Jan. 11 Order; Service Aff. of Nov. 13 Order; Affs. of Service ("Service Affs. of Jan. 11 Order"), Dkt. Nos. 24–25). Davis also failed to appear at the rescheduled pre-motion hearing on January 31, 2019, (Jan. Notice), thereby missing a third conference and disobeying another court order to appear in person (Dec.

6

20 Order). Lastly, when given one final opportunity to explain why this case should not be dismissed for failure to prosecute (Oct. 23 Order), Davis failed to respond. These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including *dismissal with prejudice*.") (citations and quotations omitted) (emphasis added).[3] "[D]ismissal with

---

[3] *Pro se* litigants are afforded leeway when it comes to litigation noncompliance; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude

prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *accord S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate, *S. New England Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Davis's claims.

A. <u>Willfulness</u>

Noncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful

---

before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.") (citations and quotations omitted). Despite his status as a *pro se* litigant, Davis's claims should still be dismissed because he has not given this Court any indication that he intends to cure his failures to obey court orders.

8

given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance*. . . . [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

Davis failed to comply with six court orders and failed to appear at three conferences. (Nov. 13 Order; Dec. 10 Order; Dec. 20 Order; Jan. 11 Order; Jan. Notice; Oct. 23 Order). Davis was served with copies of the Court's orders. (Service Aff. of Nov. 13 Order; Service Aff. of Dec. 10 Order; Service Aff. of Dec. 20 Order; Service Affs. of Jan. 11 Order; Oct. 23 Entry). As such, he was aware of the obligations, and his failure to comply is willful. *See, e.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018) and 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to

[defendant's] address, and yet she repeatedly failed to comply.").

B. <u>Efficacy of Lesser Sanctions</u>

A sanction less than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Davis to reengage in this litigation, especially given his repeated failure to abide by prior court orders warning that his case could be dismissed should he fail to comply. At this point, given the multiple opportunities afforded to Davis to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g.*, *Dungan v. Donahue*, No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) (dismissing case for failure to abide by court orders and noting "in light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks[.] . . . This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) (dismissing case for failure to abide by court orders and noting "the Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail. Requiring

defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture.") (citations and quotations omitted), *report and recommendation adopted*, 2012 WL 2530106 (June 29, 2012).

    C.    <u>Duration</u>

The duration of Davis's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation). "[P]eriods of six months or more weigh even more heavily toward such remedies." *Id.* at 266 (collecting cases).

Davis has failed to comply with court orders since December 2018, beginning with his failure to appear at the December 20 pre-motion conference. (Dec. 20 Order). This order was issued more than 11 months ago. This extended period of non-compliance is sufficient to warrant dismissal. *See, e.g.*, *Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of "more than five months").

    D.    <u>Notice</u>

Davis has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted). Davis was warned three times that failure to appear or comply with court orders could result in dismissal. (*See* Dec. 20 Order ("Plaintiff must

11

personally appear at the conference. If he fails to do so, there may be consequences to his case. . . . Plaintiff's claims may be dismissed with prejudice."); Jan. 11 Order ("sanction[s] may be imposed including dismissal of his case"); Oct. 23 Order ("If plaintiff fails to respond to this order to show cause, the Court will grant the pending motion and dismiss the action with prejudice for failure to prosecute.")). These orders were personally served on Davis. (Service Aff. of Dec. 20 Order; Service Affs. of Jan. 11 Order; Oct. 23 Entry).

This notice is sufficient to permit dismissal.[4] *See, e.g., Cadet v. ADP, Inc.*, No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and recommendation) ("Plaintiff has been explicitly warned . . . that his case would be dismissed if he failed to appear for court conferences."); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it "clear," after one warning by the court, that "plaintiff received adequate notice that his failure [to comply with a court order] would result in dismissal").

All four factors discussed above, therefore, warrant dismissal with prejudice of Davis's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rules 16(f)(1)(A) and 16(f)(1)(C).

II. Dismissal with Prejudice for Failure to Prosecute

---

[4] None of the orders sent to Davis were returned undeliverable. Even if Davis may have moved, without providing any forwarding address or means of contact, he would not be entitled to continue with his case. "[I]t is plaintiff's obligation to notify the Court of any change in address." *Gordon*, 2012 WL 2530578, at *2; *see, e.g., Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1 (E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018).

There is a separate basis to dismiss Davis's claims—his failure to prosecute his case. The City has moved to dismiss Davis's claims pursuant to Rule 41(b), (Apr. Mot. at 3; Aug. Mot. at 2), which provides that "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order," Fed. R. Civ. P. 41(b). "A dismissal for failure to prosecute is committed to the court's sound discretion," and such a dismissal may be with prejudice. *Jin Fang Luo*, 2019 WL 360099, at *2; *see, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors under a Rule 37(b) dismissal. "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail." *Dungan*, 2014 WL 2941240, at *6. The Court therefore proceeds to discuss only the third and fourth factors in this analysis. *See Lopa*, 2018 WL 3019875, at *2 (dismissing

claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).

As to the third factor—prejudice to defendants—courts have found dismissal appropriate "when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g.*, *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government.") (citations omitted).

Davis's repeated failure to attend hearings and failure to comply with court orders since December 2018 has presumptively prejudiced the City. The City has been under the spectre of liability for over two years, a period in which the entire discovery period has elapsed without Plaintiff serving a single discovery demand. Evidence is likely stale, and the City has had no ability—because of Davis's prolonged absence—of deposing Davis or otherwise challenging his allegations. At this point, the prejudice from the pending, but still nascent, litigation is substantial and justifies dismissal. *See, e.g.*, *Lopa*, 2018 WL 3019875, at *2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has

interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket. *Dungan*, 2014 WL 2941240, at *6. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time addressing Davis's failures to appear and has given him several opportunities to pursue his claims. The course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal. *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard.") (citations and quotations omitted); *see also Langdell*, 2006 WL 3813599, at *5 ("Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.") (citations omitted).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), the City's motions should be granted, and Davis's claims should be dismissed with prejudice

for failure to prosecute.

CONCLUSION

For the reasons stated above, the Court respectfully recommends that the City's motions to dismiss be granted and Davis's claims be dismissed with prejudice for failure to abide by court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

The City shall serve a copy of this Report and Recommendation on Davis at his last known address, and to any other electronic contact information known to it, and file proof of such service in the record within 14 days of the date of this Order.

                SO ORDERED.

                */s/ Sanket J. Bulsara* Dec. 3, 2019
                SANKET J. BULSARA
                United States Magistrate Judge

Brooklyn, New York