```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
KEVIN DAVIS,
```

                             Plaintiff,                      **ORDER**
                                                              17-CV-3863 (MKB) (SJB)

              v.

CITY OF NEW YORK,[1]

                             Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Kevin Davis, proceeding *pro se*, commenced the above-captioned action on June 23, 2017, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, in connection with the termination of his employment at the New York City Department of Corrections. (Compl., Docket Entry No. 1.) By Memorandum and Order dated November 22, 2017 (the "November 2017 Order"), the Court dismissed the Complaint and granted Plaintiff leave to file an amended complaint against the City of New York (the "City"). (Nov. 2017 Order, Docket Entry No. 6.) On February 12, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 9.) By Order dated August 24, 2018 (the "August 2018 Order"), the Court found that Plaintiff had plausibly alleged discrimination claims against the City and allowed those claims to proceed. (Aug. 2018 Order.) On April 19, 2019, the City ("Defendant") moved to dismiss the Amended Complaint for failure

---

[1] Plaintiff named a number of additional defendants in the Amended Complaint. (*See* Am. Compl., Docket Entry No. 9.) By Order dated August 24, 2018 (the "August 2018 Order"), the Court found Plaintiff had plausibly alleged claims against the City of New York, and allowed Plaintiff's claims to proceed solely as to that defendant. (Aug. 2018 Order.) The Court directs the Clerk of Court to amend the caption accordingly.

to prosecute. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 26.) On August 19, 2019, Defendant again moved to dismiss for failure to prosecute. (Def. Second Mot. to Dismiss ("Def. Second Mot."), Docket Entry No. 29.) On November 22, 2019, the Court referred the motions to Magistrate Judge Sanket J. Bulsara for a report and recommendation. (Order dated Nov. 22, 2019.)

By report and recommendation dated December 3, 2019 (the "R&R"), Judge Bulsara recommended that the Court grant the motions and dismiss the Amended Complaint with prejudice for failure to abide by court orders and failure to prosecute. (R&R, Docket Entry No. 33.) Neither party has objected to the R&R.

For the reasons explained below, the Court adopts the R&R in its entirety and dismisses the case for failure to prosecute.

**I. Background**

Following the August 2018 Order, in which the Court found that Plaintiff had plausibly alleged claims against Defendant and allowed those claims to proceed, (Aug. 2018 Order), Defendant filed a request for a pre-motion conference ("PMC") in anticipation of its motion to dismiss, (Mot. for PMC, Docket Entry No. 18). On December 10, 2018, Judge Bulsara granted the request and scheduled an in-person PMC for December 20, 2018. (Order dated Dec. 10, 2018 ("Dec. 10, 2018 Order").) Also on December 10, 2018, Defendant served copies of the December 10, 2018 Order on Plaintiff by both mail and email. (Aff. of Service dated Dec. 10, 2018, Docket Entry No. 20.) On December 20, 2018, Plaintiff failed to appear at the PMC before Judge Bulsara. (Order dated Dec. 20, 2018 ("Dec. 20, 2018 Order"), Docket Entry No. 22.) In the December 20, 2018 Order, Judge Bulsara scheduled another hearing for January 31, 2019 and warned Plaintiff that if he failed to appear at the next conference, "there may be consequences to his case," including that Plaintiff might be "prohibit[ed] from filing another

amended complaint" and that "Plaintiff's claims may be dismissed without prejudice" — "[i]n other words, the case could be closed and Plaintiff could be forever barred from brin[g]ing his claims again." (*Id.* at 1–2.) Judge Bulsara also directed Plaintiff to "explain in writing . . . by January 15, 2019, why he failed to appear and how he intends to proceed in his case." (*Id.* at 2 (emphasis omitted).) On December 21, 2018, Defendant served a copy of the December 20, 2018 Order on Plaintiff. (Aff. of Service dated Dec. 21, 2018, Docket Entry No. 23.) Plaintiff failed to file a response in writing by January 15, 2019 or at any later time.

On January 11, 2019, Plaintiff failed to appear at the initial conference scheduled before Judge Bulsara. (Order to Show Cause dated Jan. 11, 2019 ("Jan. 2019 OSC").) That same day, Judge Bulsara ordered Plaintiff to show cause in writing by January 22, 2019 why he failed to attend the conference, and again warned Plaintiff that if he failed to appear at the upcoming PMC, "sanction[s] may be imposed including dismissal of his case." (*Id.*) On January 11, 2019, Defendant served copies of the January 2019 OSC on Plaintiff by both mail and email. (Aff. of Service filed Jan. 14, 2019, Docket Entry No. 24.) On January 15, 2019, Defendant served another copy of the January 2019 OSC on Plaintiff by mail. (Aff. of Service dated Jan. 15, 2019, Docket Entry No. 25.) Plaintiff failed to file a response in writing by January 22, 2019 or at any later time. On January 31, 2019, Plaintiff failed to appear for the PMC in front of Judge Bulsara. (Notice dated Jan. 31, 2019.)

On April 19, 2019, Defendant filed a motion to dismiss for lack of prosecution. (Def. Mot.) On August 18, 2019, Defendant filed a second motion to dismiss for lack of prosecution. (Def. Second Mot.) Defendant served copies of both motions on Plaintiff by mail, on April 19, 2019 and August 19, 2019, respectively. (Aff. of Service dated April 19, 2019, Docket Entry No. 27; Aff. of Service dated Aug. 20, 2019, Docket Entry No. 30.) Plaintiff did not respond to either motion.

3

On October 23, 2019, the Court ordered Plaintiff to show cause by November 6, 2019 "why the Court should not dismiss his case based on his failure to prosecute the action," and warned Plaintiff if he failed to respond, "the Court [would] grant the pending motion and dismiss the action with prejudice for failure to prosecute." (Order to Show Cause dated Oct. 23, 2019 ("Oct. 2019 OSC").) A copy of the October 2019 OSC was mailed to Plaintiff. (Docket Note dated Oct. 2019.)

On December 3, 2019, Judge Bulsara issued the R&R, recommending that the Court dismiss Plaintiff's claims with prejudice, and directed the parties to file any objections to the R&R within fourteen days of service on Plaintiff. (R&R.) On December 16, 2019, Defendant served copies of the R&R on Plaintiff by mail and email. (Aff. of Service dated Dec. 17, 2019, Docket Entry No. 34.) Neither party has objected to the R&R.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific

4

written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court grants Defendant's motions and dismisses this action with prejudice for failure to prosecute. The Clerk of Court is directed to close this case.

Dated: January 9, 2020
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge